UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MONICA STARLING,

    Plaintiff,

vs.                                          Case No.  3:05-cv-1291-J-25MCR

BAKER COUNTY SHERIFF'S OFFICE, et al.,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant, Robert J. Hick's Answer to the Complaint (Doc. 23) filed March 20, 2006.  A review of the Answer reveals it fails to comply with the requirements of either the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida as it fails to include a signature as required by Rule 11 of the Federal Rules of Civil Procedure and Local Rule 1.05(d).  As such, the Court will strike the Answer and require Defendant Hicks to file an answer complying with the rules of this Court.

      Additionally, as Defendant Hicks is proceeding pro se, the Court will take this opportunity to inform him of some, but not all, of the procedural rules with which he must comply.  The Court reminds Defendant Hicks of these obligations because a pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local

Rules of the Middle District of Florida.[1]  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Pursuant to Rule 12 Fed.R.Civ.P., a defendant must serve an answer to the Complaint within 20 days after being served with the summons and a copy of the complaint.  Failure to do so could result in the entry of a default.  See Rule 55, Fed.R.Civ.P.  In addition, a copy of that answer is required to be filed with the Clerk of the Court.  See Rule 5(e), Fed.R.Civ.P. 5.

Defendant Hicks shall not correspond with the Court of any Judge or Magistrate Judge of the Court in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading, see Rule 7(a), Fed.R.Civ.P. or of a motion, see Rule 7(b), Fed.R.Civ.P.  Each pleading, motion, notice, or other paper shall be presented in a separate document.  In addition, all documents filed with the Court by Defendant Hicks must include a caption (the same as

---

[1] The parties are hereby reminded that all filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida.  The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

is set forth on Plaintiff's Complaint); a brief title that describes the nature of the document; Defendant Hicks's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Defendant Hicks Name must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as Defendant Hicks's certification, pursuant to Rule 11(b), Fed.R.Civ.P., that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Defendant Hicks is advised to review and become familiar with Rule 11, Fed.R.Civ.P., as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Defendant Hicks must also include a signed Certificate of Service. The Certificate of Service is confirmation that Defendant Hicks has complied with the requirements of Rule 5, Fed.R.Civ.P. by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Defendant Hicks seeks any relief from, or action by, the

Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief.  The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure.  All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, see Local Rule 3.01(a).  However, the memorandum cannot exceed twenty pages (20) in length, see Local Rule 3.01(c).

Further, Defendant Hicks is advised that prior to filing most motions, Local Rule 3.01(g) requires that he confer with opposing counsel in a good faith attempt to resolve the issue.  Defendant Hicks must include a certification in the motion that he has complied with this requirement and he must also notify the Court whether the parties agree on the relief requested.  The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court.  The failure to comply with these requirements or any other rule may result in the denial of the motion.

Defendant is also cautioned that he must abide by and comply with all orders of this Court.  Failure to do so may result in sanctions, including the striking of Defendant's pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within 10 days after being served with that motion by opposing counsel.  Defendant Hicks must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court

may assume that he does not oppose that motion and the relief requested therein.[2]  If a party has missed a filing deadline, the party must file a motion seeking leave of Court to file the document out of time.

Lastly, Defendant Hicks is reminded that, although he is now proceeding pro se, he is not relieved of all of the obligations that rest upon an attorney.  There are still many requirements with which he must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.  Defendant Hicks is warned that the failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions.  See Rule 37, Fed.R.Civ.P.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Defendant Hicks's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED:**

1.    Defendant's Answer (Doc. 23) is hereby stricken and the Clerk is directed to return it to the submitting party with a copy of this Order.  Additionally, any responses required to be filed because of the stricken document will not be required and will also be stricken and returned.

---

[2] Motions that Defendant must respond to include, but are not limited to, Discovery Motions under Rule 37,  Fed.R.Civ.P.  and Motions for Summary Judgment under Rule 56, Fed.R.Civ.P.

2. Defendant Hicks shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of March, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party